INTERNATIONAL BROTHERHOOD OF PAPER MAKERS, LOCAL No. 66 (A. F. L.), and others, Appellants, vs. WISCONSIN EMPLOYMENT RELATIONS BOARD and others, Respondents.

*September 12—October 10, 1944.*

542

For the appellants there was a brief by *Padway & Goldberg,* and oral argument by *David Previant,* all of Milwaukee.

For the respondent Wisconsin Employment Relations Board there was a brief by the *Attorney General, James Ward Rector,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

ROSENBERRY, C. J.   There is no dispute as to the facts of this case.   In October, 1941, the National Labor Relations Board conducted a collective-bargaining election in which the union failed to receive a majority of the votes cast.   In 1942, a representative of the National Labor Relations Board checked the signed union-membership cards against the pay roll of the company and advised the company that the union at that time represented a majority of the employees.   Thereafter, the company recognized the union as the sole collective-bargaining agency.

On July 30, 1943, the company and the union entered into a collective-bargaining agreement which specified among

other things that new employees "must join the signatory union and maintain membership in good standing as a condition of continued employment."

The respondent Netling was employed by the Rhinelander Paper Company in October, 1942, and continued in its employment until the 23d day of August, 1943, when he was discharged because he had not joined the union. Thereupon Netling filed with the Wisconsin Employment Relations Board a complaint charging the Rhinelander Paper Company with an unfair labor practice in that no collective-bargaining agreement had been authorized by three fourths or more of the employees of the Rhinelander Paper Company by ballot taken pursuant to the Wisconsin Labor Relations Act, and that his discharge was for that reason wrongful. There was an answer by the plaintiffs, a hearing before the board, and the board entered an order requiring the defendant to cease and desist from encouraging membership in the union, also requiring the company to offer. Netling a reinstatement and to make good his wage loss and to do certain other things, whereupon the union brought this action to review and set aside the order of the Wisconsin Employment Relations Board. The court modified and confirmed the order, and from the judgment of modification and affirmance, the company appeals.

Upon the hearing there was brought to the attention of the court by stipulation of the parties, the fact that after the entry of the judgment modifying and confirming the order of the Wisconsin board, the National War Labor Board had entered an order directing the Rhinelander Paper Company to include in its contract with the union, the closed-shop clause which the Wisconsin Employment Relations Board order required it to delete. This order of the National War Labor Board, so far as it appears from the record, has never been reviewed and is still in full force and effect. This order having been issued in the exercise of the war powers of the Executive in time of war supplants and operates to suspend state action in regard to the same subject matter. It would

appear therefore that reinstatement of the discharged employee at this time would be in conflict with the order of the National War Labor Board.

*By the Court.*—It is ordered that the above-entitled matter remain in suspension in this court for the duration of the war or until such time as the order of the National War Labor Board ceases to be effective.